**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4886**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERRELL BENJAMIN GIBBS,

Defendant - Appellant.

---

**No. 05-4887**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERRELL BENJAMIN GIBBS,

Defendant - Appellant.

---

**No. 05-4888**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERRELL BENJAMIN GIBBS,

          Defendant - Appellant.

---

**No. 05-4889**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   versus

FERRELL BENJAMIN GIBBS,

          Defendant - Appellant.

---

**No. 05-4890**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   versus

FERRELL BENJAMIN GIBBS,

          Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CR-03-609)

---

Submitted: June 30, 2006       Decided: July 31, 2006

---

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

- 2 -

_____

Affirmed by unpublished per curiam opinion.

_____

C. Rauch Wise, Greenwood, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, Kevin F. McDonald, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ferrell Benjamin Gibbs was convicted of "knowingly and fraudulently endeavoring to obtain a sum in excess of $1,000 in the public stocks of the United States and to have a part thereof transferred, assigned, and conveyed by virtue of false, forged, and counterfeited instruments," in violation of 18 U.S.C. § 1003 (2000) (Count One), and mail fraud, in violation of 18 U.S.C.A. § 1341 (West 2000 & Supp. 2006) (Count Two). The district court initially sentenced Gibbs under the federal sentencing guidelines to sixty months in prison on Count One and a concurrent seventy-eight months in prison on Count Two. Gibbs appealed his convictions and sentence. We affirmed Gibbs' convictions, but vacated his sentence and remanded for further proceedings consistent with United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). On remand, the district court imposed an identical sentence and Gibbs timely appealed.

Gibbs asserts on appeal that the district court erred in its advisory guideline calculations by finding that the intended loss was $3,538,418.28, resulting in an eighteen-level increase in offense level under U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(J) (2003), and by applying an obstruction of justice adjustment. We have reviewed the record and conclude that the sentence imposed by the district court is reasonable. See United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2005) (applying standard).

- 4 -

Next, Gibbs argues that the district court violated the prohibition against double jeopardy in sentencing him both on Count One and Count Two because he contends that all of the elements of Count Two were included in Count One. Count One charged Gibbs with violating 18 U.S.C. § 1003 and Count Two charged Gibbs with mail fraud under 18 U.S.C.A. § 1341. The elements of these crimes do not completely overlap. Section 1003 requires the use of false, forged, or counterfeited documents, whereas § 1341 does not. Additionally, § 1341 requires proof of mailing, whereas § 1003 does not. Because each offense requires proof of a fact that the other does not, there is no double jeopardy violation. Blockburger v. United States, 284 U.S. 299, 304 (1932). We reject Gibbs' argument that his sentence violates the Double Jeopardy Clause because both offenses were based on the same conduct; it is well settled that a defendant may be tried, convicted, and sentenced for separate offenses even if he committed a single act. Albernaz v. United States, 450 U.S. 333, 344-45 n.3 (1981); United States v. Marshall, 332 F.3d 254, 262 (4th Cir. 2003).

Gibbs also argues that the district court erred by denying his motion to recuse pursuant to 28 U.S.C. § 144 (2000). We find that the district court did not abuse its discretion by denying Gibbs' recusal motion. United States v. Carmichael, 726 F.2d 158, 162 (4th Cir. 1984).

Finally, Gibbs filed a motion to file a pro se supplemental brief. We grant Gibbs' motion and, having reviewed his claims, find them to be meritless.

- 5 -

Accordingly, we affirm Gibbs' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED